## JOHN M. HATCH vs. ANDREW FAUCHER.

Under Pub. Stat. R. I. cap. 177, a sub-contractor can have a mechanic's lien for the labor of himself and of his employees, but not for materials furnished by him.

PETITION for the enforcement of a mechanic's lien.

Public Statutes R. I. cap. 177, §§ 5, 6, referred to in the following opinion, are as follows : —

" SECT. 5. No person who shall do work for and furnish materials to be used in the construction, erection, or reparation of any building, canal, turnpike, railroad, or other improvement, without written contract, shall have any advantage of any lien therefor created by this chapter, unless he shall commence legal process for enforcing the same, in manner hereinafter provided, within six months from the time of the commencing the doing of such work, or of the commencing the delivery of materials, if payment for the same shall not then be made.

" SECT. 6. No person who shall do work or labor in the construction, erection, or reparation of any building, canal, turnpike, railroad, or other improvement, at the request of any person who had entered into a contract, whether in writing or not, for such construction, erection, or reparation, shall have any lien therefor, unless such person shall, within thirty days after commencing the work, give notice in writing to the person against whose estate or title he claims a lien, that he has commenced the work, and that he shall claim the benefit of the lien created by this chapter; and the lien thereby created shall be wholly lost unless such person having the same shall, within four months from the time notice shall be given as aforesaid, commence legal process, as is hereinafter provided, to enforce such lien."

*February* 12, 1887. · DURFEE, C. J. This is a petition for the enforcement of a lien which the petitioner claims to be entitled to, under Pub. Stat. R. I. cap. 177, for labor and materials performed and furnished by him in the erection of a building on the defendant's land, at the request of one Lewis Plant, who had entered into a contract with the defendant to erect the same. The defendant, without questioning the regularity of the proceeding, simply contests the petitioner's right to a lien.

The only lien given by cap. 177 for materials used in a building, erected for a person who is the owner of the land on which it is erected, is given by the first section, and is given only to a person who has contracted with or been requested by such owner to erect the building. In other words, the lien, in such a case, is given only for materials furnished by the original contractor, not for materials furnished by a sub-contractor in pursuance of his contract with, or at the request of, the original contractor. The petitioner is such a sub-contractor, and therefore has no lien for materials.

The petitioner also claims a lien for the labor of himself and his employees. The only section under which he can have such a lien is section 6. Sect. 6 declares: " No person who shall do work or labor in the construction, erection, or reparation of any building, canal, turnpike, railroad, or other improvement, at the request of any person who had entered into a contract, whether in writing or not, for such construction, erection, or reparation, shall

have any lien therefor, unless such person shall" proceed in the manner there prescribed. A lien is not directly given by this section, but is given by implication, since, by saying that no person of the class described shall have a lien unless he proceeds in the manner prescribed, the section implies that any person who proceeds in that manner shall have a lien. The question is, whether a lien is given by the section to a sub-contractor for the labor of his employees as well as for his own. It may be argued that the lien is given only to those who actually perform labor, the language being, "No person who shall *do* work or labor." But in section 5, which relates to the enforcement of the lien given to the original contractor for labor and materials, which lien has been held to extend to the labor of his employees, *Sweet & Carpenter* v. *James*, 2 R. I. 270, a similar form of expression is used, to wit, "No person who shall *do work* for and furnish materials," etc. We know of no reason why the expression should not be held to have as broad a meaning in section 6 as applied to sub-contractors, as it has in section 5 as applied to original contractors. It is not uncommon to speak of a man as doing that which he causes to be done by his agents or employees. And this construction is the more reasonable because section 6, as will be seen on examination, gives a lien only to those who do work or labor at the request of the original contractor, and not to the employees of a sub-contractor; and therefore, unless the sub-contractor has a lien for their labor, the estate is relieved to that extent from all but the original contractor's lien.

Our decision is that the estate is subject to a lien in favor of the petitioner for the labor performed by him and his employees, but not for materials furnished by him.

*Decree accordingly.*

*Nathan W. Littlefield & A. A. Buxton,* for petitioner.

*Stephen A. Cooke, Jun., & Joseph Osfield, Jun.,* for respondent.